Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3958 | **DATE** | 9/8/2004 |
| **CASE TITLE** | OFFICER JAMES T. MCGREAL vs. VILLAGE OF ALSIP, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion *in limine* to exclude the testimony of George Krause and Judge Sterba [139-2] is granted in part and denied in part. Counsel shall not refer to the negative reputation testimony offered by George Krause or Judge Sterba in opening statements or when questioning witnesses without prior court authorization. Counsel shall instruct witnesses that negative reputation testimony may not be offered before a court ruling. Plaintiff's remaining motions *in limine* [139-1] [139-3] [139-4] [139-5] [139-6] are denied. However, topics regarding plaintiff's performance not raised in the disciplinary complaint against him shall not be mentioned in opening statements or otherwise in the jury's presence without prior court authorization. Defendants' motions *in limine* [140-1] [140-2] [140-3] [140-4] [140-5] [140-6] are denied. However, evidence regarding Officer John Doe's misconduct or the conclusions of the Cook County Sheriff's Department regarding gambling at the Elk's Club may not be referred to in opening statements or when questioning witnesses without prior court authorization. Counsel shall instruct witnesses that testimony regarding Officer Doe's misconduct and the Elk's Club investigation may not be offered before a court ruling. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

*/s/ Suzanne B. Conlon*

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 0 9 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CB | courtroom deputy's initials | 2004 SEP -8 PM 4:15 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| OFFICER JAMES T. MCGREAL, ) | |
| ) | |
| Plaintiff, ) | No. 98 C 3958 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| VILLAGE OF ALSIP, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION & ORDER**

### BACKGROUND

James T. McGreal, an Alsip police officer, sues the Village of Alsip and two of its highest ranking police officers, Kenneth Wood and David Snooks, as well as Dr. Eric Ostrov, a psychologist retained by the village to examine McGreal, pursuant to 42 U.S.C. § 1983 and the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 Ill. Comp. Stat. Ann. 110/1 *et seq*. Another judge of this court granted summary judgment on defendants' behalf. The Seventh Circuit reversed and remanded the case for trial. *McGreal v. Ostrov*, 368 F.3d 657 (7th Cir. 2004).

McGreal alleges he was the subject of a campaign to remove him from his position as an Alsip police officer after he exercised his right to free speech regarding various incidents of alleged corruption. Specifically, McGreal alleges the following incidents of protected speech: (1) his statements that illegal gambling was occurring at the Alsip Elk's Club and that Alsip's mayor, Arnold Andrews, may have received a percentage of the revenue produced by gambling machines; (2) his complaint with the Judicial Inquiry Board regarding his suspicions of improper conduct by Judge Sterba and an inordinately lenient sentence in a drunken driving case; (3) his appeal of the

1

village's decision to renew a liquor license for the Copacabana, a bar tied to Mayor Andrews; and (4) his public criticisms during his campaign against Andrews in the 1997 mayorial election concerning Andrews' performance and the police department's mishandling of confidential documents. McGreal alleges that after receiving pressure from the mayor, defendants attempted to terminate his career as a police officer based on pretextual charges of wrongdoing. To achieve this end, defendants hired Thomas McGuire, an attorney who represents municipalities seeking termination of police officers, and Dr. Eric Ostrov, a psychologist and lawyer who often provides testimony for McGuire. Defendants ordered McGreal to submit to a psychological evaluation by Ostrov to assess his fitness for duty. Ostrov determined McGreal should be allowed to remain on full active duty if he undertook psychotherapy. McGreal agreed to consider therapy, but was handed a memo by Police Chief Wood placing him on paid sick leave. Two weeks after McGreal filed this lawsuit, Wood served McGreal with an administrative complaint seeking his termination on charges of wrongdoing. McGreal argues the charges were a pretext for retaliation. The administrative complaint was eventually settled.

Defendants maintain McGreal's false statements and actions were in reckless disregard of their falsity. Defendants further argue the village's interests in efficiently running and operating the police department outweighed any interest McGreal may have had in speaking out. Finally, defendants assert they would have taken the same employment actions against McGreal in spite of his alleged constitutionally protected speech.

Before the court are a number of motions *in limine* to bar evidence at trial.

## DISCUSSION

### I. Standard of Review

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

### II. Officer John Doe

Both sides submit motions *in limine* pertaining to Officer John Doe and the court will address them together.

**McGreal's Motion.** McGreal argues defendants' alleged reasons for seeking his termination were pretextual. He asserts the types of infractions for which he was cited were not infractions that would motivate defendants to terminate him absent his protected speech. To support this claim, McGreal proffers evidence regarding Officer John Doe, who allegedly committed far more serious infractions without facing any termination proceedings.[1] After discovery closed in 1999, Doe

---

[1] For example, McGreal asserts Officer Doe consorted with a female civilian in his squad car while on duty, verbally abused civilians, battered his domestic partner and assaulted a police officer who intervened, and attempted to break into a female police dispatcher's home. Defendants state McGreal exaggerates Officer Doe's misconduct, that Officer Doe was off-duty when climbing the dispatcher's balcony to talk to her, and that Officer Doe conceded he had an alcohol problem and attended treatment.

3

committed further infractions and defendants terminated his employment. McGreal seeks to exclude evidence regarding the termination of Officer Doe and the infractions leading to his termination that occurred after discovery closed. He argues defendants have not supplemented their discovery production regarding Doe's additional infractions or the termination decision. Therefore, the evidentiary consequences of failing to supplement should be an order barring references to Officer Doe's termination. Defendants argue there was no obligation to supplement production under Fed. R. Civ. P. 26(e) because their discovery responses at the time were neither incomplete nor incorrect.

Federal Rule of Civil Procedure 26(a)(2) provides a party must "seasonably amend" a discovery response if "the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Defendants cite an unpublished Sixth Circuit slip opinion for the proposition there is "no duty to supplement a prior response with respect to a document which did not yet exist." Def. Resp. to McGreal Mot. at 1, *citing Taylor v. Union Institute*, 30 Fed. Appx. 443, 451 (6th Cir. 2002). Defendants misstate the issue and holding in *Taylor*. There, the court noted a party has no obligation to produce a document that does not exist when responding to an opponent's discovery requests. However, the issue in *Taylor*, as here, was whether a party's response to a request becomes "incomplete and incorrect" when new information is generated or created, triggering the duty to supplement an earlier discovery response. In *Taylor*, a document created after discovery responses were served did not render the response incomplete or trigger the duty to supplement because the original request had a defined scope seeking documents for the previous 10 years.

4

Here, neither party provides the court with the original discovery requests regarding Officer Doe, and the court cannot determine whether defendants' response to the request became incomplete or misleading when Officer Doe's additional infractions or termination occurred. While McGreal argues defendants inadequately responded to his request for supplementation in February 2001, he apparently has not complied with Local Rule 37.2. Nor did he move to compel supplemental discovery responses. On the eve of trial, McGreal cannot bar evidence based on alleged discovery deficiencies he failed to address within a reasonable time after he was aware of them. Accordingly, the motion *in limine* must be denied.

**Defendants' Motion.** Defendants seek to preclude all evidence pertaining to Officer Doe's misconduct as irrelevant and overly prejudicial under Fed. R. Evid. 402 and 403. They argue Doe is not comparable to McGreal because Doe did not publish potentially defamatory statements, and Doe accepted responsibility for his alcoholism. McGreal responds that the fact defendants tolerated egregious misconduct from Officer Doe but sought to terminate McGreal for relatively minor matters demonstrates defendants were retaliating against McGreal, not imposing good faith discipline. Further, McGreal asserts the Seventh Circuit's rejection of defendants' similar arguments on summary judgment constituted an explicit rejection of these defense theories for trial.[2]

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

---

[2] The Seventh Circuit reviewed the facts of this case to assess whether summary judgment was appropriate and whether there was a question of fact for trial. In that context, the facts were viewed in the light most favorable to McGreal. However, the court did not make factual findings or reject defense theories for trial. Rather, the court held there was a genuine issue of fact that precluded summary judgment.

5

Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, waste of time, and jury confusion. Fed. R. Evid. 403. Based on this record, evidence pertaining to Officer Doe's misconduct is not clearly inadmissible. The evidence may be probative regarding the legitimacy of defendants' claimed motivation for seeking McGreal's termination. Whether the probative value, if any, of this evidence is outweighed by the danger of unfair prejudice and jury confusion of the issues will be determined outside the jury's presence at trial. Until and unless the evidence regarding Officer Doe is deemed admissible, counsel shall not refer to this evidence in opening statements or in questioning witnesses.

### III. McGreal's Motions *in Limine*

#### A. Exclusion of Witnesses

**George Krause**

Defendants have identified Officer George Krause as a witness regarding McGreal's impact on the police department. McGreal argues Krause should be barred from testifying because he did not participate in any of the complained of decisions and has not worked any shifts with McGreal since the 1980s. According to McGreal, Krause's testimony would be inadmissible hearsay originating with other police officers. Defendants do not dispute that Krause has not worked with McGreal since the 1980s and that he was not involved in any of the events at issue. Rather, defendants respond that Krause's ability to testify is a foundational issue that the court cannot address *in limine*. Further, defendants assert Krause can rebut McGreal's testimony depicting himself as the quintessential officer by testifying McGreal was divisive and his reputation in the police department was not adversely affected by the events at issue.

6

Krause's testimony is not clearly inadmissible. However, negative reputation testimony is potentially more prejudicial than probative under Fed. R. Evid. 403. The motion *in limine* will be granted in part. Krause's negative reputation testimony may not be mentioned in opening statements or otherwise in the jury's presence without prior court authorization.

**Joe Parisi and James McCarter**

Defendants listed Joe Parisi and James McCarter of the Cook County States Attorney's Office, as witnesses regarding the effect McGreal's letter to the Judicial Inquiry Board had on the relationship between the States Attorney's Office and the Alsip Police Department. McGreal argues these witnesses have no relevant testimony because in their depositions both testified they were not aware of McGreal causing any rifts between their office and the police department. McGreal concludes that these witnesses have nothing relevant to add at trial. Defendants respond that Parisi and McCarter would testify that: (1) the accusations in McGreal's letter were false; (2) a cursory inquiry by McGreal would have revealed their falsity; (3) the accusations could potentially disrupt the working relationship between the States Attorney's Office and the village; and (4) the accusations did cause disruption. Parisi would also testify regarding the handling of McGreal's DUI charges and the handling of McGreal's citations for DUIs.

The foundation for Parisi and McCarter's testimony is unclear. The relevance of McGreal's DUI charges is doubtful. However, these determinations must await trial. The motion *in limine* must therefore be denied.

**Judge Sterba**

McGreal moves to bar the testimony of Judge Sterba because McGreal's reputation, and the manner in which a DUI case was actually handled, are irrelevant and prejudicial under Fed. R. Evid. 403. Defendants admit they offer Judge Sterba as a witness regarding McGreal's poor reputation among judges and the prosecutor's office. Defendants state Judge Sterba would also testify regarding the falsity of McGreal's allegations to the Judicial Inquiry Board and the potential for disruption such charges could have upon the relationship between the judiciary and the police department.

Judge Sterba's testimony is not clearly inadmissible for all possible purposes. Determination of the admissibility of his testimony must await trial to allow objections to be resolved in context. However, negative reputation testimony is likely more prejudicial than probative under Fed. R. Evid. 403. Therefore, the motion *in limine* will be granted in part. Judge Sterba's negative reputation testimony may not be mentioned in opening statements or otherwise in the jury's presence without prior court authorization.

### B. Topics Not Raised in the Disciplinary Complaint Against McGreal

McGreal seeks to bar criticisms regarding his performance that were not included in the disciplinary charges seeking his termination. Specifically, McGreal moves to exclude criticisms regarding his written reports, DUI conviction rates and failure to convict Lilian Santor. Defendants concede that McGreal's job performance was generally satisfactory, both over his career and between 1996-1999, and his job performance was not considered in deciding to bring disciplinary charges seeking termination. The foregoing criticisms would be irrelevant, extraneous, potentially prejudicial and confusing to the jury. Fed. R. Evid. 401, 403. Defendants respond McGreal put his

8

performance at issue by complaining he was not promoted. They argue the DUI conviction rates corroborate his reputation among the judiciary and States Attorney's Office. Further, the Santor trial was reviewed as part of the disciplinary investigation and is offered for defendant Snooks' state of mind. The transcript from the trial is proffered to impeach McGreal's charge that he was treated inappropriately by Judge Sterba throughout the Sean Taylor DUI case.

Although the probative value of the foregoing evidence is doubtful, it is also not clearly inadmissible for all possible purposes. Admissibility decisions must await trial when the court is able to apply the balancing test envisioned by Rule 403 in context. The motion *in limine* must be denied, but these matters shall not be mentioned in opening statements or otherwise in the jury's presence without prior court authorization.

### C. Settlement of Disciplinary Charges

McGreal seeks to exclude arguments based on the parties' settlement of his administrative disciplinary charges and asserts the parties mutually agreed not to waive any rights or defenses in this action. He states, "[d]efendants have never previously attempted to withdraw from this agreement, and are presumably not doing so now, but Plaintiff is just covering his bases." McGreal Motion at 11. In response, defendants state McGreal is actually asking the court to bar any references to his agreement to take a 20-day suspension.

McGreal's motion is premature. The parties have not sufficiently explained their positions with respect to the settlement agreement. Nor do they adequately identify the evidence they may seek to exclude or include. The court will not piece together arguments for the parties, particularly when motions *in limine* are strongly disfavored. The motion *in limine* must be denied.

9

### D. Administrative Interview Transcript

McGreal seeks to bar Defendants' Exhibit 54, an unnotarized transcript apparently created by a secretary. McGreal argues the exhibit may not be used unless it is authenticated, and defendants have not identified any witness for that purpose. Defendants respond the administrative interview was conducted and recorded by Snooks, and that Snooks will lay foundation based on reviewing the tape and comparing it to the transcript. Defendants argue the transcript is admissible as demonstrative evidence to assist the jury with its review of the tape.

The motion *in limine* is premature and must be denied. The court's ruling shall be deferred until foundation for the evidence is presented at trial.

### E. Election Endorsement

McGreal failed to receive the endorsement of the Fraternal Order of Police during his run for mayor in 1997. He asserts this fact has no bearing on whether he engaged in protected conduct or whether the disciplinary charges on the alleged areas of wrongdoing were pretextual. Defendants respond that the union's endorsement of Mayor Andrews, instead of McGreal, fueled McGreal's motivation to get even with the mayor. Defendants further argue that the police endorsement issue bears on whether defendants reasonably perceived McGreal's motivation was nothing more than bitterness at having lost the election.

The evidence is not clearly inadmissible, although it is of doubtful relevance and probative value. Admissibility decisions must be deferred until trial to allow the court to balance the considerations mandated by Rule 403. The motion *in limine* must be denied.

## IV. Defendants' Motions *in Limine*

### A. Evidence of Conspiracy

Defendants move to bar any evidence that infers a conspiracy between defendants and non-parties including, but not limited to: (1) evidence defendants gave special treatment to the Copacabana because of Mayor Andrews' ties to the bar; (2) evidence regarding a referendum that would have granted the Copacabana a 4:00 a.m. liquor license as opposed to a 2:00 a.m. license; (3) incidents concerning Mayor Andrews' employment as an insurance agent and the agency's connection with the village, the number of times the village board voted against Andrews, a hit and run accident in which Andrews was involved, and whether Andrews informed the Liquor Commission of the number of police service calls made by the Copacabana; (4) a variance granted by the village board permitting additional gaming machines at the Elk's Club; and (5) information regarding attorney Thomas McGuire's billing practices, clients, office procedures, handling of disciplinary proceedings for other police chiefs and use of Dr. Ostrov's services. Defendants argue that allegations regarding a conspiracy between defendants and non-party individuals is an entirely new theory of liability McGreal has introduced on the eve of trial.

McGreal argues each of the topics supports his theory that defendants retaliated against him for crossing Mayor Andrews and sought to terminate him only after the mayor urged that result. He contends the mayor's ties to the Elk's Club and his preferential treatment of the Copacabana are relevant to defendants' response to McGreal's protected speech. Further, McGreal intends to demonstrate that Thomas McGuire and Dr. Ostrov were hired by defendants for the sole purpose of terminating him. McGreal asserts his theory of the case is hardly new and was discussed thoroughly in the Seventh Circuit's opinion.

The challenged evidence is not clearly inadmissible. McGreal is not advancing a conspiracy theory. Rather, he asserts defendants targeted him for termination based on illegitimate reasons and the evidence at issue is relevant to defendants' motivation. Admissibility of the foregoing evidence must await trial when objections may be considered in context. The motion *in limine* must be denied.

### B. Defendants' Admission

In ¶ 29 of defendants' response to McGreal's first request for admissions, defendants admitted that the sick leave suspension memo Wood gave McGreal was written and printed before their June 9, 1998 meeting. Defendants assert the admission was erroneous, as established by subsequent depositions, and that the question was compound. They further request permission to amend their response. McGreal argues defendants' Rule 36 admission should not be barred simply because the admission became important in subsequent discovery and defendants now wish to retract it. McGreal notes defendants objected to other requests for admission on the basis the requests were compound, but did not do so with respect to ¶ 29, which they unequivocally admitted. Further, defendant Wood testified at his deposition that he reviewed all his answers to the requests to admit for accuracy and that he answered every answer truthfully and accurately.

Defendants present no legal support for their motion. Requests to admit serve an important function in litigation. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1996). While the court has discretion to permit withdrawal or amendment of an admission, the court is not convinced defendants will be prejudiced in maintaining their defense on the merits if the admission is not altered. Fed. R. Civ. P. 36(b). The parties may address the admission's significance at trial. The motion *in limine* must be denied.

C. **Damages**

Defendants move to bar McGreal from seeking damages for loss of career opportunities or non-promotion because these damages were not asserted in his complaint or identified in his pre-trial discovery disclosures. McGreal responds his answers to defendants' first set of interrogatories identified his damage claims as seeking "differential in both pay and benefits arising from retaliatory failure to promote; actual financial damage projections based on the tables and assumptions enclosed herewith." McGreal Mot. Ex. E. McGreal indicates the tables enclosed provided four pages detailing his damages from defendants' retaliatory actions. Further, McGreal alleges he pled retaliation in his complaint and fleshed out his theory of damages during discovery.

The record demonstrates McGreal's theory of damages was raised in his complaint and during discovery. The motion *in limine* must be denied.

D. **Therapy Requirement**

Defendants seek to bar McGreal from introducing evidence that he was ultimately not required to participate in Ostrov's recommended therapy. Defendants argue this fact is irrelevant and any probative value is outweighed by potential jury confusion. McGreal argues the attempt to force psychological therapy upon him was an attempt to discredit him. He contends the fact he was permitted to resume his duties without undergoing therapy after filing his lawsuit is relevant to counter defendants' assertion that therapy was critical.

The challenged evidence is not clearly inadmissible. The motion *in limine* must be denied.

E.  **Gambling at the Elk's Club**

Defendants move to prevent McGreal from introducing the conclusions of the Cook County Sheriff's Department that gambling in fact occurred at the Elk's Club. Defendants argue this evidence is irrelevant because the real issue involves McGreal's assertion that the mayor was "on the take." Defendants further argue the ultimate conclusion leads to jury confusion and should be precluded under Fed. R. Evid. 403. McGreal protests defendants' narrow construction of his theory of the case and asserts he does not allege he was retaliated against only for suggesting the mayor received payoffs. Rather, he maintains he was retaliated against for exposing the Elk's Club gambling in its entirety. He aruges the fact that his speech was ultimately correct, as opposed to reckless accusation, is relevant because the village ignored the problem until McGreal forced the issue. According to McGreal, defendants reacted to his speech in an extreme fashion because it made them look bad.

McGreal has not indicated any evidentiary basis for the admissibility of this hearsay evidence or the foundation for investigative conclusions. Because this evidence is not clearly inadmissible for all possible purposes, however, the motion *in limine* must be denied. The sheriff's report shall not be mentioned during opening statements or without prior court authorization.

## CONCLUSION

The motions *in limine* are denied, except to the extent the court has expressly ruled that the subject matter of certain motions shall not be mentioned in the jury's presence before a trial ruling.

September 8, 2004                                              ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge